09-2985-ag
Tjandra v. Holder

BIA
Holmes-Simmons, IJ
A095 143 096
A095 143 095

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9ᵗʰ day of September, two thousand ten.

PRESENT:
> ROGER J. MINER,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
>
> *Circuit Judges*.

_____

IVAN TJANDRA, VONNY ROSALINA,

        *Petitioners*,

      v.                       09-2985-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

        *Respondent*.

_____

FOR PETITIONER:      Theodore Vialet, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General, Civil Division; Michelle G. Latour, Assistant Director; Kimberly A. Burdge, Office of Immigration

**Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ivan Tjandra and Vonny Rosalina, natives and citizens of Indonesia, seek review of a June 24, 2009 order of the BIA, affirming the October 3, 2007 decision of Immigration Judge ("IJ") Theresa Holmes-Simmons, which denied their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ivan Tjandra, Vonny Rosalina*, Nos. A095 143 096, A095 143 095 (B.I.A. June 24, 2009), *aff'g* Nos. A095 143 096, A095 143 095 (Immig. Ct. N.Y. City Oct. 3, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B).

2

Substantial evidence supports the IJ's adverse credibility determination. *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). The IJ reasonably relied on Rosalina's admission that she had fabricated portions of her prior asylum application, presented false testimony in her hearing, and submitted a fraudulent marriage certificate in support of her application. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (relying on the maxim *falsus in uno, falsus in omnibus* to find that once an IJ concludes that a document is false, he or she is "free to deem suspect other documents (and to disbelieve other testimony) that depend for probative weight upon [the applicant's] veracity"). Although Rosalina claimed that she attempted to correct the application but was threatened by a translator associated with the Chinese Indonesia American Society ("CIAS"),[1] the IJ reasonably declined to credit this explanation, noting that Rosalina had several opportunities to recant her false claims but failed to do so. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (finding that the agency need

[1] In February 2005 in the United States District Court for the Eastern District of Virginia, the operators of the CIAS were convicted of preparing fraudulent asylum applications on behalf of Indonesian applicants.

not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Because petitioners based their withholding of removal and CAT claim on the same factual predicate as their asylum claim, the IJ's adverse credibility determination was fatal to all three claims. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4